## LONG v. UNION PACIFIC R. CO.
### No. 4269.

United States Court of Appeals
Tenth Circuit.
Nov. 1, 1951.

Bratton, Circuit Judge, dissented.

Joseph H. McDowell, Kansas City, Kan. (Harry Miller, Jr., Kansas City, Kan., on the brief), for appellant.

N. E. Snyder, Kansas City, Kan., and O. B. Eidson, Topeka, Kan. (Philip H. Lewis and James W. Porter, Topeka, Kan., on the brief), for appellee.

Before B R A T T O N, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

This is an appeal from a defendant's judgment in the United States District Court of Kansas, in a personal injury suit brought by an employee of the Union Pacific Railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. At the conclusion of the plaintiff's evidence the court sustained the Railroad's motion for a directed verdict on the grounds that plaintiff, relying upon res ipsa loquitur, had failed to prove his case.

Appellant was employed as a carman by the Union Pacific Railroad and on the date of the accident had been sent by the appellee, with other workmen, to Topeka, Kansas, to service the "Freedom Train". He and two fellow employees, Ballou and Potter, were assigned to the job of icing the train. They first iced the inside of the cars and then the "bunkers" from the outside. The bunker doors were four feet long and two and one-half feet wide, weighing approximately three or four hundred pounds. When the doors are raised they are held by a latch engaged in notches on the side of the bunker. The last two bunker doors were raised by appellant and employee Ballou. About twenty minutes later, and while the appellant was on one knee breaking the last piece of ice to be put in the bunker, one of the doors fell on his head, causing the alleged injuries.

As applied in Federal courts to cases arising under the Federal Employers' Liability Act, res ipsa loquitur has been lately defined to mean that the facts of the occurrence warrant, but do not compel, an inference of negligence. It is not necessary that the facts be explicable only in terms of negligence. It is sufficient if they are such as to fairly support an inference of negligence. Jesionowski v. Boston & Maine R. Co., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416; Atchison, T. & S. F. Ry. Co. v. Simmons, 10 Cir., 153 F.2d 206. See also Johnson v. United States, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468; Rocona v. Guy F. Atkinson Co., 9 Cir., 173 F.2d 661. Thus, if an accident, caused by an instrumentality within the control of the defendant, would not ordinarily have occurred in the exercise of due care, the trier of the facts may, but is not required to, conclude that the accident and resulting injury was caused by the negligence of the defendant.

While admitting the rule as thus defined and applied, appellee urges, and the trial court took the view, that since the appellant "was in control of the workmen at the scene of the accident", appellee did not have the prerequisite control of the causative factor, and the rule was therefore not available to the appellant.

It is true that the rule is not available when it is shown that the one relying

upon it, was injured by an instrumentality over which he was exercising supervision or control. But, here the undisputed facts show that appellant was not supervising the operation in which he was engaged at the time of the injury. Mauck, the "master mechanic" for appellee, although not immediately present, was nearby and had been actively supervising the icing of the cars. After Mauck left the scene of the accident appellant, because of seniority, was the "superior" employee. He stated that as such it was presumably within his power, in the absence of Mauck, to supervise the icing of the cars, but that he did not exercise any such control or authority. We do not think that such subordinate control should preclude the application of res ipsa loquitur where it is conclusively shown, as here, that the injured employee's control has no causal connection with the accident. Jesionowski v. Boston & Maine R. Co., supra; Rocona v. Guy F. Atkinson, supra; Annotation and cases cited therein, 169 A.L.R. 953, p. 958.

Appellant testified that he did not know what caused the bunker door to fall; that it had been in a raised position for twenty minutes prior to the accident and that it was not defective. He stated that the only way to lower the door was to lift it while someone else disengaged the latch from the notches on the side of the bunker, or that it could be "knocked down if you took a hammer or board" and knocked the latch out of the notches. In giving his version of the accident the appellant stated: "Just prior to the accident the only people around the bunker door was Albert Ballou and William Potter. Ballou was standing a little bit to the back and to the left of me and Potter was there close. He had been to my right about two feet away the last time I saw him before the accident. I was just getting ready to break this piece of ice and a flash went by me—a thud hit the latch or something and the door dropped. I was bending down and couldn't see and the door dropped and hit me on the top of the head. To explain the thud I heard, it flashed right by me and I heard a thud— about that instant the door dropped."

It is undisputed that the bunker door did fall, and that it fell after the latch on the door had been engaged in the notches on the side of the bunker. For the door to fall of its own accord after being securely suspended for twenty minutes is not an occurrence which can be said to be usual or ordinary. Rather it is inferable that such an occurrence does not happen if ordinary care is exercised. Under appellant's uncontradicted testimony he was not at fault for he was in a kneeling position three feet from the latch. The only others present were Ballou and Potter, and Potter had been seen earlier in the morning knocking down the latch of other bunker doors with a board.

Appellant was not required to explain the falling of the bunker door only in terms of negligence in order to avail himself of res ipsa loquitur. It was incumbent upon him only to show facts under which an inference of negligence is justified. In this respect the facts here bear close analogy to the facts in Johnson v. United States, supra, where the employee was injured by a falling block which had been in the hands of a fellow employee. There was no evidence that the fellow employee actually dropped the block, but the court reasoned that the circumstances warranted the inference that he did so.

Here, there is no evidence that the fellow employee negligently knocked the bunker door down, but we think the facts and circumstances of the occurrence permit, but do not compel, an inference that such was the causative factor of the accident.

Both Ballou and Potter were in the court room and were not called to testify by either party. Appellee contends that since the facts bearing upon the cause of the accident were within the reach of the plaintiff he cannot rely upon res ipsa loquitur to supply the deficiency in the direct proof. The employee whose negligence was held inferable in Johnson v. United States, supra, was likewise available for testimony, but failure to call him as a

witness was not deemed fatal to the plaintiff's case under res ipsa loquitur.

To justify a directed verdict, the evidence must be so conclusive that the minds of reasonable men could not differ as to the conclusions to be drawn therefrom. Atchison, T. & S. F. Ry. Co. v. Simmons, 10 Cir., 153 F.2d 206. We have been lately admonished that "peremptory instructions should not be given in negligence cases 'where the facts are in dispute, and the evidence in relation to them is that from which fair-minded men may draw different inferences'". Wilkerson v. McCarthy, 336 U.S. 53, at page 62, 69 S.Ct. 413 at page 418, 93 L.Ed. 497.

We hold that the facts here present a submissible case for the jury. The judgment is reversed with directions to proceed in accordance with the views herein expressed.

BRATTON, Circuit Judge, would affirm the judgment.